```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3
     - - - - - - - - - - - - - X          22-CR-0133
 4   UNITED STATES OF AMERICA,
                    Plaintiff
 5
              Vs.                         Buffalo, New York
 6   ROBERT CALKINS JR.,                  February 9, 2023
                    Defendant
 7   - - - - - - - - - - - - - X

 8
                    TRANSCRIPT OF CHANGE OF PLEA
 9          BEFORE THE HONORABLE RICHARD J. ARCARA
                 UNITED STATES MAGISTRATE JUDGE
10

11                    U.S. ATTORNEY'S OFFICE
                      BY: DAVID J. RUDROFF, ESQ.
12                    Federal Centre
                      138 Delaware Avenue
13                    Buffalo, New York 14202
                      Appearing on behalf of the Plaintiff
14

15                    JAMES L. RIOTTO, II
                      30 West Broad Street
16                    Suite 306
                      Rochester, New York 14614
17                    Appearing on behalf of the Defendant

18

19

20

21

22

23                    COURT REPORTER:Brandi A. Wilkins
                          scalisba@gmail.com
24                    Kenneth B. Keating Federal Building
                      100 State Street, Room 2120
25                    Rochester, New York 14614
```

```
 1                THE CLERK:  All rise.
 2                THE COURT:  Be seated, please.
 3                THE CLERK:  This is United States versus
 4    Robert Calkins Jr., Docket Number 22-CR-0133.  This is
 5    a change of plea hearing.  Assistant United States
 6    Attorney David Rudroff on appearing on behalf of the
 7    Government and James L. Riotto II appearing with
 8    defendant.
 9                THE COURT:  Morning.
10                MR. RUDROFF:  Morning, Your Honor.
11                MR. RIOTTO:  Morning.
12                THE COURT:  It's my understanding that Mr.
13    Calkins is prepared to enter a plea of guilty to an
14    agreed upon charge in the indictment; is that correct?
15                MR. RUDROFF:  That's correct, Your Honor.
16                THE COURT:  And Mr. Riotto, have you
17    explained to him procedure that I will utilize in
18    determining whether that plea should be accepted --
19                MR. RIOTTO:  I have, Your Honor.
20                THE COURT:  -- pursuant to Rule 11 of the
21    Federal Rules of Criminal Procedure?
22                MR. RIOTTO:  Yes, Your Honor.
23                THE COURT:  And is he agreeable to allowing
24    me to place him under oath and question him about the
25    plea?
```

```
 1            MR. RIOTTO:  He is, Your Honor.

 2            THE COURT:  All right.  Mr. Calkins?

 3            MR. CALKINS:  Yes.

 4            R O B E R T   C A L K I N S, after having

 5    been duly called and sworn, testified as follows:

 6            THE COURT:  Because you are now under oath

 7    you must answer each and every one of my questions not

 8    only truthfully but also completely because if you

 9    should knowingly and/or intentionally answer any

10    question less than truthfully by withholding material

11    facts or information that can result with your being

12    charged with an additional crime of perjury and/or

13    making a false statement; do you understand?

14            MR. CALKINS:  Yes, sir.

15            THE COURT:  What is your full name?

16            MR. CALKINS:  Robert Calkins Jr.

17            THE COURT:  How old are you?

18            MR. CALKINS:  38.

19            THE COURT:  How far did you go in school?

20            MR. CALKINS:  I want to say 9th grade, 10th

21    maybe.  I can't -- I never finished, sorry.

22            THE COURT:  How far did you go in school?

23            MR. CALKINS:  10th grade.

24            THE COURT:  Have you been treated recently

25    for any mental illness?
```

```
 1              MR. CALKINS:  No.

 2              THE COURT:  Have you been treated recently

 3     for any addiction to narcotic drugs of any kind?

 4              MR. CALKINS:  No.

 5              THE COURT:  Are you presently under the

 6     influence of any drug?

 7              MR. CALKINS:  No, sir.

 8              THE COURT:  Are you presently under the

 9     influence of any medication?

10              MR. CALKINS:  I take medication, yes.

11              THE COURT:  I'm sorry?

12              MR. CALKINS:  I do take medication.

13              THE COURT:  What type?

14              MR. CALKINS:  Um, it's a Naproxen.  I'm not

15     sure if -- it's supposed to be like a type of pain

16     killer like a Tylenol kind of.

17              THE COURT:  When was the last time you took

18     that?

19              MR. CALKINS:  This morning at um 7:30.

20              THE COURT:  Does that medication in any way

21     affect your ability to think clearly?

22              MR. CALKINS:  No, sir.

23              THE COURT:  Does it in any way affect your

24     judgment?

25              MR. CALKINS:  No.
```

1          THE COURT:  Does it in any way affect your

2    ability to make decisions that are important to your

3    life?

4          MR. CALKINS:  No, sir.

5          THE COURT:  Are you able to think clearly

6    when you are under this medication?

7          MR. CALKINS:  Yes, I am.

8          THE COURT:  Have you ever experienced being

9    confused or not being able to understand things when

10   you were under this medication in the past?

11         MR. CALKINS:  No, sir.

12         THE COURT:  Are you under the influence of

13   any alcoholic beverage of any kind?

14         MR. CALKINS:  No, I am not.

15         THE COURT:  The Court having observed the

16   demeanor of the defendant and having heard his

17   responses to my initial inquiries, I find that he is

18   competent and able to make a knowing and voluntary

19   decision to proceed with this proceeding pursuant to

20   Rule 11 of the Federal Rules of Criminal Procedures.

21   I show you what is entitled a consent to proceed

22   before a United States magistrate judge and I ask you

23   if that's your signature that appears in the center

24   right hand portion of the document?

25         MR. CALKINS:  Yes, sir.

1          THE COURT:  Did you read this consent before
2     you signed it?
3          MR. CALKINS:  Yes, I did.
4          THE COURT:  Did you discuss it with your
5     attorney, Mr. Riotto, before you signed it?
6          MR. CALKINS:  Yes, I did.
7          THE COURT:  Were you able to ask questions
8     of your attorney about this consent, what it was and
9     how it would work and what its effect would be if you
10    signed it?
11         MR. CALKINS:  Yes, I did.
12         THE COURT:  And did Mr. Riotto answer any
13    and all questions you may have had about the consent
14    before you signed it?
15         MR. CALKINS:  Yes, he did.
16         THE COURT:  Is there anything about the
17    consent you do not understand at this time?
18         MR. CALKINS:  No.
19         THE COURT:  Now, do you realize by signing
20    this consent you have agreed to allow me, a United
21    States magistrate judge, to conduct this proceeding
22    pursuant to Rule 11 of the Federal Rules of Criminal
23    Procedure rather than have it done by a United States
24    district judge that is an Article 3 of the
25    constitution judge; you understand that?

1          MR. CALKINS:  Yes, sir.

2          THE COURT:  And you understand that by

3    signing this consent you are giving up your right to

4    appear for trial before a United States district

5    judge?

6          MR. CALKINS:  Yes.

7          THE COURT:  What you are offering to do is

8    to enter a plea of guilty to a charge contained in the

9    indictment before me --

10          MR. CALKINS:  Yes, sir.

11          THE COURT:  -- do you understand that?

12          MR. CALKINS:  Yes, sir.

13          THE COURT:  And is that what you wish to do?

14          MR. CALKINS:  Yes.

15          THE COURT:  Is there anything you wish to

16    discuss with your attorney, Mr. Riotto, about this

17    consent or anything else before we proceed any

18    further?

19          MR. CALKINS:  No, sir.

20          THE COURT:  Once again, the Court having

21    observed the demeanor of the defendant and having

22    heard his responses to my questions, I find that he

23    has made a knowing and voluntary decision and consent

24    to proceed before me, a United States Magistrate

25    Judge, pursuant to Rule 11 of the Federal Rules of

1    Criminal Procedure in the process of taking his plea

2    of guilty to a charge that has been agreed upon.

3    Therefore, I am approving this consent this 9th day of

4    February, 2023.

5           I show you what is entitled a plea agreement

6    consisting of 17 typewritten pages and I show you the

7    last page of that agreement which is a signature page

8    and I ask you if that's your signature that appears in

9    the middle left hand side of the page?

10           MR. CALKINS:  Yes, sir.

11           THE COURT:  And Mr. Riotto, that's your

12    signature that appears to the right of Mr. Calkins

13    signature?

14           MR. RIOTTO:  It is, Your Honor.

15           THE COURT:  You have a copy of the plea

16    agreement in front of you, the one that you signed?

17           MR. RIOTTO:  We do, Your Honor.

18           THE COURT:  Mr. Calkins?

19           MR. CALKINS:  Yes, sir.

20           THE COURT:  All right.  Before you signed

21    this plea agreement, did you review it with your

22    attorney Mr. Riotto on a line by line, paragraph by

23    paragraph, page by page basis?

24           MR. CALKINS:  Yes, I did.

25           THE COURT:  And as you went through this

1   plea agreement on a line by line, paragraph by

2   paragraph, page by page review, were you able to ask

3   questions of your attorney about any line --

4           MR. CALKINS:  Yes, I was.

5           THE COURT:  -- or any paragraph or any page

6   of the agreement?

7           MR. CALKINS:  Yes, sir.

8           THE COURT:  And did your attorney answer to

9   your satisfaction any questions you may have had about

10  any line or any paragraph or any page of this plea

11  agreement?

12          MR. CALKINS:  Yes, sir.

13          THE COURT:  Are there any questions you

14  still wish to ask of your attorney about this plea

15  agreement before we proceed any further?

16          MR. CALKINS:  No, sir.

17          THE COURT:  Is there anything about this

18  plea agreement that you do not understand at this

19  time?

20          MR. CALKINS:  No, sir.

21          THE COURT:  Now, do you understand that if

22  your plea of guilty is accepted and you are sentenced

23  accordingly by a district judge that this is the only

24  plea agreement that you can claim exists between you

25  and the Government?

```
 1              MR. CALKINS:  Yes, sir.

 2              THE COURT:  That you cannot claim at a later

 3    date that you were relying on a -- another agreement

 4    or a supplemental agreement or a side agreement or any

 5    other agreement of any type; do you understand that?

 6              MR. CALKINS:  Yes, sir.

 7              THE COURT:  That this is the only agreement

 8    that would have any effect, any legal effect between

 9    you and the Government if your plea of guilty is

10    accepted and you are sentenced by the district judge?

11              MR. CALKINS:  Yes, sir.

12              THE COURT:  Knowing that, do you still wish

13    to go forward with this plea?

14              MR. CALKINS:  Yes, I do.

15              THE COURT:  I want you to look at the first

16    page of the plea agreement with particular focus on

17    the paragraph entitled the plea and possible sentence.

18    Do you see that before you?

19              MR. CALKINS:  Yes, sir.

20              THE COURT:  And do you understand that by

21    signing this plea agreement you acknowledge and agree

22    that under the law namely your agreement to plead

23    guilty to having violated Title 18 of the United

24    States Code Sections 2251A and 2251E, production of

25    child pornography.  There is a mandatory minimum term
```

1    of imprisonment of 15 years and a maximum possible

2    sentence that can be imposed on you of up to 30 years

3    along with a fine up to $250,000 and a $100 special

4    assessment.  Do you understand that?

5            MR. CALKINS:  Yes, sir.

6            THE COURT:  And do you also understand that

7    in addition to any term of imprisonment that can be

8    imposed upon you if your plea of guilty is accepted

9    the sentencing judge will also be able to subject you

10   to a term of supervised release of up -- of at least

11   five years and anywhere up to life after you have

12   completed any prison term that has been imposed on

13   you; do you understand that?

14           MR. CALKINS:  Yes, sir.

15           THE COURT:  Do you understand that if your

16   plea of guilty is accepted and you are sentenced to a

17   term of imprisonment and after you've completed that

18   term you are also subject to a term of supervised

19   release as part of your sentence that if you are found

20   to be in violation of any term or condition of

21   supervised release that can result in your being

22   brought back into court and being sentenced to a term

23   of imprisonment a second time because of that

24   violation of supervised release; do you understand

25   that?

```
 1              MR. CALKINS:  Yes, sir.

 2              THE COURT:  Knowing that you could be sent

 3    back to prison for a second term of imprisonment if

 4    you are found to have violated the term of supervised

 5    release, do you still wish to go forward with this

 6    plea?

 7              MR. CALKINS:  Yes, sir.

 8              THE COURT:  Knowing that you could be

 9    sentenced anywhere from a mandatory minimum of 5 years

10    imprisonment up to a possible term of life

11    imprisonment of 30 -- or I'm sorry, up to a term of

12    imprisonment of up to 30 years along with the fine

13    anywhere from $1 to $250,000 and a special mandatory

14    fee or assessment of $100, do you still wish to go

15    forward with this plea?

16              MR. CALKINS:  Yes, sir.

17              THE COURT:  I want you to turn to Page 5 of

18    your plea agreement.  Do you have that in front of

19    you?

20              MR. CALKINS:  Yes, sir.

21              THE COURT:  And I want you to focus on the

22    paragraphs entitled sentencing guidelines, base

23    offense level, specific offense characteristics, U.S.

24    sentencing guideline Chapter 4, adjustments, turning

25    to Page 6 adjusted offense level acceptance of
```

1    responsibility and criminal history category and then

2    turn to Page 7 entitled guidelines application

3    calculation and impact.  Do you understand that all of

4    the information set forth under those headings on

5    Pages 5, 6 and 7 regarding a possible sentence in the

6    application of the federal sentencing guidelines,

7    those are calculations and applications that had been

8    made by your attorney and the attorney for the

9    Government.  Do you understand that?

10          MR. CALKINS:  Yes, sir.

11          THE COURT:  Those evaluations and

12    applications and calculations as set forth in your

13    plea agreement are not binding on the district judge

14    if he accepts your plea of guilty; do you understand

15    that?

16          MR. CALKINS:  Yes, sir.

17          THE COURT:  That if he accepts your plea of

18    guilty he will be able to conduct his own independent

19    analysis and application of the sentencing guidelines

20    and then create and impose a sentence based on his

21    calculations under the guidelines; do you understand

22    that?

23          MR. CALKINS:  Yes, sir.

24          THE COURT:  And that independent review and

25    evaluation and application of the federal sentencing

1    guidelines by the district judge assuming he has

2    accepted your plea of guilty can be different than

3    what is set forth in your plea agreement on Pages 5, 6

4    and 7; do you understand that?

5              MR. CALKINS:  Yes, sir.

6              THE COURT:  And that his calculations and

7    evaluation and application of the federal sentencing

8    guidelines can be different in that they will result

9    in a more severe sentence than what you and your

10   attorney and the attorney for the Government have

11   indicated on Pages 5, 6 and 7; do you understand that?

12             MR. CALKINS:  Yes, sir.

13             THE COURT:  Knowing that, knowing that the

14   district judge is not bound by the calculations in the

15   plea agreement and knowing that he can arrive at an

16   independent application and calculation on his own

17   that can result in a greater sentence than what is set

18   forth in those paragraphs on Pages 5, 6 and 7, do you

19   still wish to go forward with this plea?

20             MR. CALKINS:  Yes, sir.

21             THE COURT:  I want you to turn to Page 9 of

22   your plea agreement and look at the heading

23   restitution in Paragraph 23 set forth therein; do you

24   see that?

25             MR. CALKINS:  Yes, sir.

1          THE COURT:  Do you understand that under

2     that provision you have agreed that if your sentence

3     of guilty is accepted that under Title 18 of the

4     United States Code Section 2259 the Court must order

5     restitution for the full amount of the victims or

6     victims compensable losses but no less than $3,000 per

7     victim; do you understand that?

8          MR. CALKINS:  Yes, sir.

9          THE COURT:  And that an order of restitution

10    would be issued by the Court to enforce that

11    provision; do you understand that?

12         MR. CALKINS:  Yes, sir.

13         THE COURT:  And that that would subject any

14    and all property that you might own or have an

15    interest in to be seized and sold in order to

16    effectuate that order of restitution; do you

17    understand that?

18         MR. CALKINS:  Yes, sir.

19         THE COURT:  Knowing that, do you still wish

20    to go forward with this plea?

21         MR. CALKINS:  Yes, I do.

22         THE COURT:  I want you to turn to Page 12 of

23    your plea agreement and focus on the heading appeal

24    rights at the bottom of the page and Paragraph 32 on

25    Page 30 -- on Page 13; do you see that?

1          MR. CALKINS:  Yes, sir.

2          THE COURT:  Now, do you understand if your

3     plea of guilty is accepted and the judge imposes a

4     sentence on you that is in accordance with what the

5     law allows and that sentence falls within or is less

6     than the mandatory minimum term of imprisonment of 15

7     years or somewhere up to a maximum term of 30 years

8     along with a fine within the parameters of $1 to

9     $250,000 and a $100 special assessment, if such a

10    sentence is imposed on you along with a term of

11    supervised release of at least five years or more all

12    the way up to life, that you then will not be able to

13    appeal that sentence to a higher court and ask that

14    court to either set aside that sentence or to allow

15    you to withdraw your plea of guilty; do you understand

16    that?

17          MR. CALKINS:  Yes, sir.

18          THE COURT:  Knowing that, knowing that you

19    are giving up that right if the judge arrives at a

20    sentence that is within the confines I've described,

21    do you still wish to go forward with this plea?

22          MR. CALKINS:  Yes, sir.

23          THE COURT:  I want you to turn to Page 14 of

24    your plea agreement.  Do you see that in front of you?

25          MR. CALKINS:  Yes, sir.

1           THE COURT:  And focus on the heading

2    forfeiture provisions and the paragraphs they're

3    under.  Do you understand that if your plea of guilty

4    is accepted and you are sentenced accordingly you have

5    also agreed to forfeit certain property that you

6    either own or have an interest in and that property is

7    listed therein as the Samsung Galaxy J3 Luna Pro Model

8    SMS327BL, a Samsung Galaxy S9 Model SM-G960U and the

9    Samsung Galaxy S7 Model SM-G930VL.  Those are cellular

10   telephones that are subject to being seized by the

11   Government and disposed of by the Government never to

12   be returned to you.  Do you understand that?

13           MR. CALKINS:  Yes, sir.

14           THE COURT:  Knowing that, do you still wish

15   to go forward with this plea?

16           MR. CALKINS:  Yes.

17           THE COURT:  Once again, is there anything

18   about this entire plea agreement that you do not

19   understand?

20           MR. CALKINS:  No, sir.

21           THE COURT:  And once again, even though I

22   have only asked specific questions about certain

23   provisions of this plea agreement, did you review the

24   plea agreement on a line by line, paragraph by

25   paragraph, page by page basis with your attorney?

```
1              MR. CALKINS:  Yes, sir.

2              THE COURT:  Is there anything you wish to

3    discuss with your attorney before we proceed any

4    further?

5              MR. CALKINS:  No, sir.

6              THE COURT:  Is there anything about what we

7    have done up to this point that you do not understand?

8              MR. CALKINS:  No, sir.

9              THE COURT:  You have a copy of the

10   indictment in front of you?

11             MR. CALKINS:  Yes, sir.

12             THE COURT:  Now, do you understand you are

13   offering to plead guilty to the charge contained in

14   count 1 of the indictment which reads as follows, that

15   on or about December 2, 2018 in the Western District

16   of New York you the defendant, Robert Calkins Jr., did

17   employ, use, persuade, induce, entice and coerce a

18   minor, that is victim one, a person known to the Grand

19   Jury to engage in sexually explicit conduct for the

20   purpose of producing a visual depiction of such

21   conduct, that is a digital file bearing the name

22   1570921574478.JPG which visual depiction was produced

23   and transmitted using materials that had been mailed,

24   shipped and transported in and affecting interstate

25   and foreign commerce by any means including by
```

1    computer all in violation of Title 18 of the United

2    States Code Sections 2251A and 2251E.  Do you

3    understand that's the charge you are willing to plead

4    guilty to?

5              MR. CALKINS:  Yes, sir.

6              THE COURT:  And that's the charge that is

7    covered on Page 1 of your plea agreement setting forth

8    the possible sentence that can be imposed on you if

9    your plea of guilty is accepted.  Do you understand

10   that?

11             MR. CALKINS:  Yes, sir.

12             THE COURT:  And that's the paragraph that we

13   reviewed just a few moments ago.  Do you understand?

14             MR. CALKINS:  Yes.

15             THE COURT:  And is that what you wish to do?

16             MR. CALKINS:  Yes, sir.

17             THE COURT:  Now, have you had an opportunity

18   to discuss the facts and circumstances of this case

19   with your attorney, Mr. Riotto?

20             MR. CALKINS:  Yes, I have.

21             THE COURT:  And during the course of your

22   discussions with your attorney about the facts and

23   circumstances, were you able to ask questions of your

24   attorney about those facts and circumstances?

25             MR. CALKINS:  Yes.

1          THE COURT:  And did your attorney answer any
2   and all questions you may have had about the facts and
3   circumstances of this case?
4          MR. CALKINS:  Yes, sir.
5          THE COURT:  Are there any questions you
6   still wish to ask of him before we proceed any
7   further?
8          MR. CALKINS:  No, sir.
9          THE COURT:  Were you also able to discuss
10  with your attorney, Mr. Riotto, the law that would
11  apply in this case and how it would be applied to
12  those facts and circumstances which you and he
13  discussed?
14         MR. CALKINS:  Yes, sir.
15         THE COURT:  And were you able to ask
16  questions of him about that law?
17         MR. CALKINS:  Yes.
18         THE COURT:  And how that law would apply and
19  the effect of that application?
20         MR. CALKINS:  Yes, sir.
21         THE COURT:  Are there any questions you
22  would like to still ask of your attorney about the law
23  in this case?
24         MR. CALKINS:  No, sir.
25         THE COURT:  Or any other questions you may

1    wish to have or discuss with him?

2            MR. CALKINS:  No, sir.

3            THE COURT:  And once again, did your

4    attorney answer any and all questions you may have had

5    about the law in this case or the facts and

6    circumstances or how that law would apply?

7            MR. CALKINS:  Yes, he did.

8            THE COURT:  Are you offering to plead guilty

9    to this charge because you are guilty and for no other

10   reason?

11           MR. CALKINS:  Yes, sir.

12           THE COURT:  Is anyone forcing you in any way

13   to enter a plea of guilty to this charge?

14           MR. CALKINS:  No, sir.

15           THE COURT:  Has anyone threatened you in any

16   way in order to have you enter a plea of guilty to

17   this charge?

18           MR. CALKINS:  No, sir.

19           THE COURT:  Have any promises been made to

20   you other than what might be set forth in your plea

21   agreement --

22           MR. CALKINS:  No, sir.

23           THE COURT:  -- in order to have you enter a

24   plea of guilty to this charge?

25           MR. CALKINS:  No, sir.

1         THE COURT:  Once again, are you offering to

2    plead guilty to this charge because you are guilty and

3    for no other reason?

4         MR. CALKINS:  Yes, sir.

5         THE COURT:  Now, do you understand that

6    under the law you are allowed and have the right to

7    enter a plea of not guilty and that you can force the

8    Government to prove this charge against you at a

9    public trial?

10         MR. CALKINS:  Yes, sir.

11         THE COURT:  And that you are entitled to be

12    represented at all stages of this case including the

13    trial by an attorney?

14         MR. CALKINS:  Yes, sir.

15         THE COURT:  And that you are to -- that you

16    are presumed innocent of all these charges all during

17    this entire case until such time as the trial is

18    completed and a verdict of guilt is found based on

19    legally competent evidence which has established your

20    guilt beyond a reasonable doubt; do you understand

21    that?

22         MR. CALKINS:  Yes, sir.

23         THE COURT:  And do you understand that at

24    the public trial you and your attorney would have the

25    right to see and hear the Government witnesses against

1    you and your attorney would have the right to question

2    those witnesses to show that they were either mistaken

3    or misrepresenting or outright lying; do you

4    understand that?

5              MR. CALKINS:  Yes, sir.

6              THE COURT:  And do you understand that at

7    the public trial you and your attorney would also have

8    the right to see the Government's other evidence and

9    test its validity evidence such as but not limited to

10   DNA evidence, video tapes, video recordings,

11   fingerprint evidence, any kind of electronic data, any

12   type of other tangible evidence that the Government

13   was offering in support of its burden of proving your

14   guilt beyond a reasonable doubt, you and your attorney

15   would have the right to see and test the validity of

16   that evidence; do you understand that?

17             MR. CALKINS:  Yes, sir.

18             THE COURT:  And do you understand that at

19   the public trial you would have the right to call

20   witnesses on your own behalf?

21             MR. CALKINS:  Yes, sir.

22             THE COURT:  And that even if those witnesses

23   did not wish to appear voluntarily at the trial you

24   could compel their appearance as long as they were

25   within the jurisdiction of the United States by way of

1    subpoena or judicial process; do you understand that?

2              MR. CALKINS:  Yes, sir.

3              THE COURT:  And do you understand that at

4    the public trial you would have the right to present

5    any other evidence that you and your attorney think

6    the jury should be made aware of such as digital

7    electronic evidence, fingerprint evidence, video

8    recordings, conversational recordings, fingerprint

9    evidence, any other kind of evidence that you and your

10   attorney think the jury should have available for its

11   consideration you would be allowed to offer at the

12   trial; do you understand that?

13             MR. CALKINS:  Yes, sir.

14             THE COURT:  And do you understand that at

15   the trial you would have the right to remain silent

16   throughout the entire trial and that you could not be

17   compelled by anyone to answer any questions or make

18   any statements?

19             MR. CALKINS:  Yes, sir.

20             THE COURT:  And do you understand that if

21   you exercise that right at the trial it could not be

22   used against you in any way at the trial?

23             MR. CALKINS:  Yes, sir.

24             THE COURT:  And do you understand that if

25   you so chose the choice would be solely yours, you

1    could take the witness stand and testify on your own

2    behalf?

3           MR. CALKINS:  Yes, sir.

4           THE COURT:  And do you understand that at

5    the trial you would have the right to have this case

6    heard by a jury of 12 jurors?

7           MR. CALKINS:  Yes, sir.

8           THE COURT:  And that before you could be

9    found guilty the evidence received at the trial must

10    establish your guilt beyond a reasonable doubt and

11    that all 12 jurors would have to unanimously agree

12    that your guilt had been established beyond a

13    reasonable doubt before you could be found guilty of

14    the charge; do you understand that?

15           MR. CALKINS:  Yes, sir.

16           THE COURT:  And do you understand that even

17    if you went to trial and were found guilty by a jury

18    unanimously you would have the right to file an appeal

19    to a higher court and ask that higher court to set

20    aside that finding of guilt and enter a judgment of

21    acquittal in your behalf or in the alternative grant

22    you a new trial; do you understand that?

23           MR. CALKINS:  Yes, sir.

24           THE COURT:  And do you understand that by

25    pleading guilty you are giving up all of those rights?

1    In other words, you will not be presumed innocent.

2    You will be deemed guilty by reason of your own plea.

3    You will not have a public trial with a jury.  You

4    will not be able to see or hear the Government

5    witnesses that the Government was going to call at the

6    trial.  You and your attorney will not be able to

7    question or test the validity of any other evidence

8    the Government was going to use at the trial.  You

9    will not be able to call any witnesses on your behalf

10   or present any other evidence on your behalf and you

11   will not be able to testify on your own behalf because

12   there will be no trial and if as I previously

13   indicated and discussed with you your plea of guilty

14   is accepted and you are sentenced accordingly, under

15   your plea agreement you will not be able to appeal to

16   a higher court to either set aside that sentence or to

17   withdraw your plea of guilty.  Knowing that, knowing

18   that you are giving up all of those rights, do you

19   still wish to go forward with this plea?

20           MR. CALKINS:  Yes, sir.

21           THE COURT:  Is there anything you wish to

22   ask of your attorney at this stage before we proceed

23   any further?

24           MR. CALKINS:  No, sir.

25           THE COURT:  Now, do you understand that if

1    your plea of guilty is accepted and sentence is

2    imposed on you, you will then have a criminal record

3    for the rest of your life under the laws of the United

4    States?

5            MR. CALKINS:  Yes, sir.

6            THE COURT:  And do you understand that that

7    criminal record could then prevent you for the rest of

8    your life from exercising certain valuable civil

9    rights such as but not limited to the right to have

10   certain types of employment or the right to vote in

11   certain types of elections and certain other civil

12   rights; you know that?

13           MR. CALKINS:  Yes, sir.

14           THE COURT:  Knowing that you would be

15   prohibited from exercising certain valuable civil

16   rights because of your criminal history by reason of

17   this plea of guilty, do you still wish to go forward

18   with this plea?

19           MR. CALKINS:  Yes, sir.

20           THE COURT:  You also understand that if it

21   is determined that you are not a citizen of the United

22   States and this plea of guilty is accepted thereby

23   creating a criminal record, based on that plea, you

24   would be subject to action of removal by the

25   appropriate authorities under the immigration laws of

1      the United States?

2                MR. CALKINS:  Yes, sir.

3                THE COURT:  Knowing that, do you still wish

4      to go forward with this plea?

5                MR. CALKINS:  Yes, I do.

6                THE COURT:  Now, I want you to listen very

7      carefully what the attorney for the Government is

8      going to state the Government's evidence would consist

9      of in proving the elements of this charge and in

10     proving your guilt beyond a reasonable doubt of this

11     charge, and after he has completed his presentation,

12     I'm going to ask you if what he has stated is in fact

13     what happened, if what he has stated is true and that

14     if you disagree in any way with anything that he has

15     stated I'm going to require you to tell me in detail

16     what it is you do not agree with; do you understand?

17               MR. CALKINS:  Yes, sir.

18               THE COURT:  So listen carefully now.  Mr.

19     Rudroff, if this case were to go to trial, what would

20     the Government's evidence consist of in establishing

21     the elements of the crime charged and in establishing

22     the guilt of the defendant beyond a reasonable doubt?

23               MR. RUDROFF:  Yes, Your Honor.  If this case

24     were to proceed to trial, investigators from the New

25     York State Police would be called and they would

1    testify that in early 2020 they received a number of
2    cyber tips from the National Center for Missing and
3    Exploited Children that had been forwarded from Google
4    Inc.  Those cyber tips disclosed that a Google account
5    that appeared to be controlled by the defendant
6    contained what was suspected to be child pornography.
7    The investigators would testify that they -- based on
8    this information they applied for and obtained a
9    search warrant for the defendant's home in Salamanca,
10   New York, and then on September 10, 2020 the New York
11   State Police executed that search warrant and they
12   seized numerous electronic devices that belonged to
13   the defendant including the three phones the court
14   referenced and that are specified in Paragraph 7C of
15   the plea agreement.  Investigators from the New York
16   State Police would testify that they conducted a
17   forensic extraction of those cell phones and
18   investigators from the New York State Police as well
19   as special agents of Homeland Security -- Homeland
20   Security investigations, excuse me, would testify that
21   they analyzed those forensic images and found that all
22   three cell phones did in fact contain child
23   pornography.  The images that depict child pornography
24   would be entered at trial based on that testimony and
25   presented to the jury.  Additionally, the phones

1    contained three images specified in Paragraph 7E of

2    the plea agreement including an image file titled

3    1570921574478.JPG which is the image underlying count

4    one of the indictment.  Those three images would be

5    introduced at trial and the jury would see that they

6    depict an adult hand manipulating the genitalia of

7    what appears to be a minor female.  Minor victim one

8    would be called to testify.  She would identify

9    herself in that photo to testify that the hand

10    depicted in that photo is the hand of the defendant

11    and that the genitalia depicted in that photo is her

12    own.  She would testify as to her age establishing

13    that she was less than 12 years old at the time of the

14    offense, and she and her mother would be called to

15    testify that minor victim one was in the defendant's

16    custody or care at the time of the offense.

17         Additionally, service tags on the devices

18    themselves would establish that all of them were

19    manufactured outside of the United States and

20    therefore were in or affecting interstate or foreign

21    commerce, and lastly, testimony would establish that

22    the images um that were saved and sent to Google were

23    transported there by computer that is by the cell

24    phones again establishing the interstate commerce

25    element.

1           THE COURT:  Mr. Calkins, did you hear what
2    the attorney for the Government stated the
3    Government's evidence would consist of in proving the
4    elements of this crime charged against you for which
5    you are offering to plead guilty and what its evidence
6    would consist of in proving your guilt beyond a
7    reasonable doubt?
8           MR. CALKINS:  Yes, sir.
9           THE COURT:  Is what he has stated in fact
10   what happened?
11          MR. CALKINS:  Yes, sir.
12          THE COURT:  Is what he has stated true?
13          MR. CALKINS:  Yes, sir.
14          THE COURT:  Do you disagree in any way with
15   anything that he has just stated?
16          MR. CALKINS:  No, sir.
17          THE COURT:  Once again, are you offering to
18   plead guilty to this charge because you are guilty and
19   for no other reason?
20          MR. CALKINS:  Yes, sir.
21          THE COURT:  Now, do you understand that if
22   your plea of guilty is accepted there will be a period
23   of time in which there will be a presentence
24   investigation conducted by members of the United
25   States Probation Office and what that investigation

1    consists of is a probation officer going out and

2    gathering as much information as he or she can gather

3    with respect to you, information such as but not

4    limited to education records, employment records,

5    medical records, military history records, criminal

6    history records, or any other type of records that

7    would have some bearing on your background and your

8    history.  In addition to that type of information

9    gathering, the probation officer will also contact

10   third-parties such as relatives and friends,

11   employers, fellow employees or anybody else that the

12   probation officer finds or thinks would have

13   information with respect to you as far as what should

14   be included in the presentence investigation report

15   that he or she will be preparing.

16          In addition to that information gathering by

17   the probation officer, you and your attorney will have

18   the right to present information for inclusion in the

19   presentence investigation report.  That can consist of

20   information obtained by your attorney and you of

21   third-parties such as relatives, friends, co

22   employees, anybody that you and your attorney think

23   would have information that would be beneficial to you

24   for inclusion in the presentence investigation report.

25   Also, this can be done by third-parties being directly

1    interviewed by the probation officer so as to supply

2    that information or those third-parties can submit

3    that information by way of letter writing to the

4    probation officer or you and your attorney can submit

5    written information with respect to what those

6    third-parties would be willing to say on your behalf.

7            In addition to third-parties providing

8    information, you and your attorney would have the

9    right to submit any other type of documentation that

10   you and he thinks should be included in the

11   presentence investigation report for part of the

12   judge's use in determining what an appropriate

13   sentence should be.  You would also have the right to

14   be interviewed by the probation officer if you wish to

15   use that method of supplying information, and if you

16   do agree to be interviewed, you have the right to have

17   your attorney with you present all during that

18   interview process, or as an alternative, you and your

19   attorney can submit a written statement by you as to

20   what you think should be included by way of

21   information in the presentence investigation report.

22           This process that I have described that is

23   conducting an investigation for purposes of preparing

24   a preinvestigation -- presentencing investigation

25   report obviously takes a substantial period of time.

1    And because of that, even though your plea of guilty

2    might be accepted, the sentencing itself may not occur

3    for a substantial period of time, a number of weeks or

4    perhaps months.  Knowing that, do you still wish to go

5    forward with the plea?

6              MR. CALKINS:  Yes, sir.

7              THE COURT:  Now, once the presentence

8    investigation has been completed, the probation

9    officer will then prepare a draft of a presentence

10   investigation report and that draft will be given to

11   you and your attorney and you and your attorney will

12   have the right to review that draft presentence

13   investigation report and then make any suggestions you

14   and your attorney think need to be made for purposes

15   of either adding to that report or subtracting

16   information from that report or correcting materials

17   in that report or modifying whatever is contained in

18   that report.

19              After you and your attorney complete that

20   process, the probation officer will then prepare a

21   final presentence investigation report.  That final

22   presentence investigation report the original of which

23   will be given to the district judge assuming your plea

24   of guilty has been accepted for his use in determining

25   what an appropriate sentence should be used -- should

1    be imposed.  That information will be used by him in

2    making his independent calculations under the federal

3    sentencing guidelines as well as considering any and

4    all other factors he wishes to consider in arriving at

5    an appropriate sentence to be imposed.  You and your

6    attorney will be given a copy of this final

7    presentence investigation report and the Government

8    attorney to be given a copy of the final presentence

9    investigation report.  Knowing that, that that's what

10   will happen if your plea of guilty is accepted, do you

11   still wish to go forward with this plea?

12        MR. CALKINS:  Yes, sir.

13        THE COURT:  Is there anything that you wish

14   to discuss with your attorney or ask of your attorney

15   at this time before we proceed any further?

16        MR. CALKINS:  No, sir.

17        THE COURT:  Is there anything about what we

18   have just done to this point that you do not

19   understand?

20        MR. CALKINS:  No, sir.

21        THE COURT:  Once again, you are offering to

22   plead guilty to the following charge set forth in the

23   indictment, count one that on or about December 2,

24   2018 in the Western District of New York you the

25   defendant, Robert Calkins Jr., did employ, use,

1   persuade, induce, entice and coerce a minor that is

2   victim one a person known to the Grand Jury to engage

3   in sexually explicit conduct for the purpose of

4   producing a visual depiction of such conduct that is a

5   digital file bearing the name 1570921574478.JPG which

6   visual depiction was produced and transmitted using

7   materials that had been mailed, shipped and

8   transported in and affecting interstate and foreign

9   commerce by any means including by computer all in

10   violation of Title 18 United States Code Sections

11   2251A and 2251E.  How do you plead to that charge,

12   guilty or not guilty?

13          MR. CALKINS:  Guilty.

14          THE COURT:  Once again, the Court having

15   observed the demeanor of the defendant and having

16   heard his responses to my questions, I find that the

17   following exists in the case of United States of

18   America versus Robert Calkins Jr.  It is the finding

19   of this Court that the defendant is fully competent

20   and capable of entering an informed plea of guilty to

21   having violated Title 18 of the United States Code

22   Sections 2251A and 2251E.  That he is aware of the

23   nature of the charges and the consequences of his plea

24   of guilty to those charges and that his plea of guilty

25   is a knowing and voluntary one which is supported by

1   an independent basis in fact containing each of the

2   essential elements of the offense of the offenses

3   charged; therefore, it is hereby recommended that his

4   plea of guilty to having violated Title 18 United

5   States Code Sections 2251A and 2251E be accepted by

6   the district judge to whom this case has been

7   assigned.  And I am now executing a report and

8   recommendation containing that recommendation of

9   acceptance of his plea of guilty this ninth day of

10  February 2023.  As I understand it the defendant is

11  detained?

12          MR. RUDROFF:  That's correct, Your Honor.

13          THE COURT:  And the Government is requesting

14  that such detention continue?

15          MR. RUDROFF:  That's correct, Your Honor.

16          THE COURT:  Mr. Riotto, anything you want to

17  add?

18          MR. RIOTTO:  No, Your Honor.

19          THE COURT:  All right.  As I indicated, Mr.

20  Calkins, the next step is the conducting of the

21  presentence investigation by the probation office and

22  the preparation of the presentence investigation

23  report as I described to you assuming that the

24  district judge accepts my recommendation and accepts

25  your plea of guilty a sentencing date will be set by

1    the district judge and notice will be given to you and

2    your attorney as to that date.  In the meantime, you

3    are hereby continued in the remand of the United

4    States Marshal Service.  Anything further?

5              MR. RUDROFF:  Nothing from the Government,

6    Your Honor.

7              MR. RIOTTO:  No, sir.

8              THE COURT:  Thank you.

9              MR. RIOTTO:  Thank you, Your Honor.

10             MR. RUDROFF:  Thank you, Your Honor.

11             (Proceeding concluded at 11:27 a.m.)

12

13             <u>CERTIFICATE OF COURT REPORTER</u>

14

15             I certify that this is a true and accurate

16    record of proceedings in the United States District

17    Court for the Western District of New York before the

18    Honorable Richard J. Arcara on February 9, 2023.

19

20    <u>S/ Brandi A. Wilkins</u>

21    Brandi A. Wilkins

22    Official Court Reporter

23

24

25