IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                              22-CR-133-RJA-HKS

ROBERT CALKINS JR.,

                Defendant.

---

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S REQUEST FOR A NON-GUIDELINE SENTENCE

### PRELIMINARY STATEMENT

The defendant—who pled guilty to producing child pornography using his nine-year-old relative ("Victim 1")—asks this Court to depart downward from the applicable sentencing guidelines and sentence him to the statutory minimum fifteen years' incarceration. The government vehemently opposes the request. Instead, as discussed below, the facts of the offense and the defendant's history and characteristics warrant a guideline sentence of 360 months.

### FACTUAL BACKGROUND

The government adopts the statement of facts outlined in the Presentence Investigative Report ("PSR").

## **ARGUMENT**

The government recognizes that *United States v. Booker*, 543 U.S. 220 (2005), rendered the sentencing guidelines advisory rather than statutorily mandated. When imposing a sentence, however, the Court must consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). As noted by the Supreme Court, the guidelines have a "real and pervasive effect . . . on sentencing" and therefore, "are not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The government contends that a sentence of 360 months, which is the advisory guideline range, is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress . . . . It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider."). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Based on the § 3553(a) factors, as set forth below, the government respectfully submits that a guideline sentence of imprisonment is warranted.

**A.     The nature and circumstances of the offense warrant a guideline sentence.**

The defendant stands before this Court having pled guilty to the production of child pornography—one of the most serious crimes within the United States Code.  The facts of his offense and relevant conduct are disturbing.  In late 2019, the New York State Police, acting on numerous cyber tips from the National Center for Missing and Exploited Children, executed a search warrant at the defendant's residence.  Upon reviewing his electronic devices, authorities located over 1,000 images and 517 videos depicting child pornography.  PSR ¶ 41.  Some of the images displayed the minors merely displaying their genitals to the camera, however some were more nefarious.  PSR ¶ 41.  At least one video depicted the vaginal rape a child between two and five years old.  *Id.*  One image depicted the oral sodomy of an infant less than one.  *Id.*  And one video depicts a bound and blindfolded child being sexually assaulted by the dog.  *Id.*

This conduct would be disturbing enough, but the investigation also established that over a period of at least one year the defendant produced numerous child pornography and child erotica images using Victim 1 and another child who was then five years old.  PSR ¶ 20.  This includes over 450 images of the victims in various stages of undress, and at least three images of the defendant touching Victim 1's exposed genitals.  *Id.*  This conduct would be horrific enough to the casual observer, but it is made worse by the defendant's relationship to his victim, which is detailed in the PSR but not explicitly stated here to preserve Victim 1's privacy.  *Id.* ¶ 19.

3

The Second Circuit has repeatedly upheld severe sentences in cases of production of child pornography—especially when it involves hands-on abuse of the victim. *See, e.g., United States v. Brown*, 843 F.3d 74, 82-83 (2d Cir. 2016) ("Given the seriousness of the crimes involved here, a 60-year sentence—which was below the Guidelines range—is within the realm of punishments that this Court has upheld as reasonable for production of child pornography"); *United States v. Hamilton*, 548 Fed.Appx. 728, 730-731 (2d. Cir. 2013) (upholding 1,800 month sentence in child pornography production case as not unreasonable where the defendant sexually abused children as young as four). The Court should impose a guideline sentence here.

B. **The history and characteristics of the defendant warrant a guideline sentence.**

Moreover, the defendant's conduct establishes that he is a pedophile who either cannot, or will not, conform his behavior to the rules of society. This is aptly demonstrated by his collection of child pornography from the internet, as well as his hands-on sexual abuse of Victim 1 when she was between nine and ten years old. The defendant's conduct in this case should be viewed in conjunction with his lengthy criminal history, which includes, for example, burglary and domestic violence. *See* PSR ¶¶ 47-60. All of this counsels that the defendant is not capable of living within the bounds of the law, or that he refuses to do so. That also warrants a guideline sentence in the interests of both specific and general deterrence.

Despite this, the defendant argues that his personal history and characteristics in fact support a downward departure to the statutory minimum. Dkt. 44 at 5-11. Among other things, the defendant claims that his own sexual abuse at the hands of his father in some way

4

mitigates his behavior here.  *Id.* at 5-9.  Although any sexual abuse of a child is horrific, it does not excuse or mitigate the defendant's conduct.  In fact, as a child sexual abuse survivor himself, the defendant is uniquely aware of the effect sexual abuse has on victims.  Yet, when given the opportunity, the defendant chose to perpetuate the cycle rather than end it.  He chose to subject Victim 1 to the same feelings of pain and betrayal that he likely felt at his father's hands.  His behavior was callous, not understandable, or excusable.  The fact that he was willing to victimize others—knowingly putting them through the same trauma he went through—supports a harsher sentence, not a more lenient one.

### C. *United States v. Dorvee* is inapplicable.

The defendant relies primarily on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) to argue that the Sentencing Guidelines, as applied to his case, are inappropriately harsh and should be disregarded.  Dkt. 44 at 11-17.  However, *Dorvee*, which cast doubt on the *prima facie* reasonableness of the U.S. Sentencing Guidelines in cases of child pornography possession, is inapplicable to a case of hands-on abuse and production of child pornography.  *See United States v. Brown*, 843 F.3d 74, 82-84 (2d Cir. 2016) ("We have repeatedly upheld lengthy sentences in production cases post-*Dorvee*, recognizing a distinction between production and possession, particularly in production cases involving sexual contact with victims."); *see also United States v. Oehne*, 698 F.3d 119, 125 (2d Cir. 2012) (*per curiam*) ("*Dorvee* is readily distinguishable.... Unlike the defendant in Dorvee, Oehne actually sexually assaulted a child.... He photographed the abuse and distributed the images over the internet, where they have been viewed by thousands worldwide."); *United States v. Broxmeyer*, 699 F.3d 265, 291 (2d Cir. 2012) ("[T]his case is distinguishable [from Dorvee] in presenting ample

5

record evidence *84 of Broxmeyer actively engaging minors in sexual conduct, for purposes of both photographing it and participating in it.").

Here, the government emphasizes that the defendant did, in fact, sexually abuse Victim 1 and produce child pornography; this is not a case of pure possession. *Dorvee* is therefore not applicable, and the Court should not presume the applicable sentencing guidelines are unreasonable.

## CONCLUSION

For all the foregoing reasons, the government submits that the Court should impose a guideline sentence of 360 months.

DATED: Buffalo, New York, July 6, 2023.

            TRINI E. ROSS
            United States Attorney

      BY: s/ DAVID J. RUDROFF
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         (716) 843-5806
         David.Rudroff@usdoj.gov