UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiffs,

vs.

ROBERT E. CALKINS, JR.,

                Defendant.
_____

**NOTICE OF MOTION**

Case No.: 22-CR-133-A

**PLEASE TAKE NOTICE**, that upon the declaration of James L. Riotto, Esq., attorney for the Defendant, Robert E. Calkins, hereby invokes his right to speedy sentencing and objects to the government's request to adjourn sentencing. The basis for the requested relief is set forth on the accompanying affidavit.

Dated:        September 3. 2023
                 Rochester, NY 14614

By: *s/s James L. Riotto*
James L. Riotto II, Esq.
*Attorney for Defendant*
30 W. Broad St., Suite 100
Rochester, NY 14614
(585) 546-4001
Jriotto@Riottolaw.com

To:    AUSA, David J. Rudroff

Affirmation of Counsel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA           **AFFIRMATION**

                                          Case No.: 22-CR-133-A

    v.

ROBERT E. CALKINS, JR.,

        Defendant
_____

       JAMES L. RIOTTO II, ESQ., under penalty of perjury pursuant to 28 USC § 1746, hereby affirms as follows:

       1.    I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, Robert E. Calkins, Jr.

       2.    I am familiar with the facts and circumstances of this case.  The sources of the information presented in this affirmation was gathered by my investigation, from conversations with my client and others, my examination of discovery materials provided by the government and various other papers arising from the above-entitled matter.  This affirmation is submitted in support of the Defendant's invocation to his right for Speedy Sentencing and objection to the government's request to adjourn sentencing.  The relief requested herein, is based upon the facts as I know them, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and other pertinent statutes, laws and rules.

      **Factual Background**

       3.    On or about September 10, 2020 the New York State Police executed a Search Warrant and seized items subject to the instant conviction.  On or about the same date the

electronic devices seized were forwarded to the New York State Police Forensic Lab for analysis.

4. On or about May 18, 2021 the Defendant was arrested and arraigned in Cattaraugus County on charges related to the instant federal conviction. On July 10, 2023 the Defendant was scheduled for sentencing before this Court. However, the government ultimately requested an adjournment to receive a report from the National Center for Missing and Exploited Children ("NCMEC") to determine if any of the images qualified for restitution.

5. The Court granted the request, gave the government an additional sixty (60) days and rescheduled sentencing to September 13, 2023. Therefore, the government had 3 years and 3 days to obtain this information. The defense opposes an adjournment of the sentencing date and the Defendant invokes his right to Speedy Sentencing.

**Law**

### The Right to a Speedy Sentencing

6. The Defendant has a fundamental Right to a Speedy Sentencing. Counsel maintains, any further adjournments violate his due process rights.

7. "[T]o determine whether a defendant has been deprived of [his] due process right to a prompt sentencing, we must consider [1] the reasons for the delay as well as [2] the prejudice to the accused." *United States v. Ray*, 578 F.3d 184, 199 (2d Cir.2009) (citing *United States v. Lovasco*, 431 U.S. 783, 790 (1977)).

**A. Reasons for the Delay**

8. In considering the reasons for the delay, the Supreme Court has instructed that "different weights should be assigned to different reasons." *Vermont v. Brillon*, 556 U.S. 81, 90

(2009) (citation omitted) (in the speedy trial context). While "deliberate delay to hamper the defense weighs heavily against the prosecution, more neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered...." *Ray*, 578 F.3d at 200 (internal punctuation omitted). Courts should also consider the extent to which the defendant should bear responsibility for the delay. *See id.*

9. Here, the government had **over three (3) years** to analyze the computer data to determine if there were any eligible restitution recipients. The government proffers no reason for the delay and offers no excuse for the Court to consider. Any time delays on part of the Defendant, whether in plea negotiations or discovery review and did not impact the government's ability to complete the analysis.

10. The government maintains, pursuant to the Crime Victim' Right Act, that the Court should grant the adjournment despite the defense's objection. However, their application is void of any explanation what due diligence it undertook over the past three (3) years to produce this material. It is certainly plausible to conclude the delay was caused by the government's inaction and it was this inaction which failed to insure the rights of any purported victims.

**B.    Prejudice**

11. "To prove a due process violation as a result of a sentencing delay, the prejudice claimed by the defendant ... must be substantial and demonstrable." *Ray*, 578 F.3d at 200 (*citing Perez v. Sullivan*, 793 F.2d 249, 256 (10th Cir.1986); *United States v. Nelson–Rodriguez*, 319 F.3d 12, 61 (1st Cir.2003)). A defendant is prejudiced by a sentencing delay when imposing the sentence would interrupt his reintegration into the community "in a way that the immediate imposition of sentence would not have." *Id*. at 201.

12. Here, the Defendant, up until recently, was held in Cattaraugus County Jail. As an inmate in primary federal custody, he was not eligible to participate in any programming. Once sentenced the Defendant will participate in all of the Bureau of Prisons including Residential Drug Abuse Treatment Program (RDAP), Sex Offender Treat Programs, vocational programs, Substance abuse treatment and Mental health treatment. All which he desperately needs.

13. These programs are aimed at addressing the underlaying conduct and begin working on the Defendant's rehabilitation. While held locally, he is unable to avail himself of any programming to address his issues fully described in the PSR. In sum, he sits idol in a local jail without any programming, counseling or assistance in addressing his physical and mental health issues.

14. Additionally, as noted in the PSR, the Defendant suffers from a variety of medical issues including Basel Cell Carcinoma (skin cancer) which required skin to be removed from his face. While at Cattaraugus County Jail his medical needs were not being addressed. He requires a medical facility with the capabilities of addressing his medical needs. This cannot be accomplished until he is sentenced.

15. The reality of the government's application here extends well beyond the thirty (30) days sought. Assuming the Court and defense receives the government's report within the next adjournment period in all likelihood sentencing will have to be moved again.

16. It's been the experience of counsel upon receiving the government's report the defense and Court will require time to review the submission and determine the validity of purported victims seeking restitution. Depending on the number of victims this could potentially be an extensive undertaking. Thus, the Defendant is facing a significant extended adjournment

based on the government's inaction.

## CONCLUSION

17. The Defendant requests a Speedy sentence and submits the unnecessary delays are directly attributable to the government. "[A] defendant should be allowed to do his time, live down his past, and reestablish himself. Permitting a sentence to go unexecuted does not encourage rehabilitation." *Shelton v. Ciccone*, 578 F.2d 1241, 1245 (8th Cir.1978).

18. "Delayed execution of a sentence interrupts the defendant's reintegration into the community and thus frustrates effective rehabilitation."); 3 Charles Alan Wright et al., Federal Practice & Procedure: Criminal § 521.1 (4th ed.2008) (listing "a detrimental effect on rehabilitation" among the harms caused by delayed sentencing); cf. *DeWitt v. Ventetoulo*, 6 F.3d 32, 35 (1st Cir.1993).

19. Additionally, any purported victims have recourse and do not lose out on potential compensation because of the government's failure to act. Without question the government will alert the various victims and make them aware of the Defendant's conviction. They are then free to initiate any civil action they choose for damages.

20. The Court should not accept the government's inaction to the detriment of the Defendant. We move the Court to deny the government's request for adjournment and to preceded with sentencing as scheduled.

Dated:   September 3, 2023
         Rochester, NY 14614

By: *s/s James L. Riotto*
James L. Riotto II, Esq.
*Attorney for Defendant*
30 W. Broad St., Suite 100
Rochester, NY 14614
(585) 546-4001
Jriotto@Riottolaw.com

To:   AUSA, David J. Rudroff

Affirmation of Counsel