UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                **DEFENSE REPLY TO GOVERNMENT'S MEMORANDUM IN SUPPORT OF RESTITUTION**

                Plaintiffs,

  vs.                                  Case No.: 22-CR-0133

ROBERT E. CALKINS, JR.,

                Defendant.
_____

      JAMES L. RIOTTO II, ESQ., under penalty of perjury pursuant to 28 USC § 1746, hereby affirms as follows:

      1.      I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, Robert E. Calkins, Jr.

      2.      I am familiar with the facts and circumstances of this case. The sources of the information presented in this affirmation was gathered by my investigation, from conversations with my client and others, my examination of discovery materials provided to date by the government and various other papers arising from the above-entitled matter.

      3.      As the Court is aware, Mr. Calkins pled Guilty to Count 1 of the Indictment charging him with 18 U.S.C. § 2251 Production of Child Pornography on February 9, 2023. In the Plea Agreement, the Defense agreed to pay restitution to any identified victims.

NOTICE OF MOTION - 1

4. The Government seeks restitution on behalf of the identified victims. These victims are represented by private law firms that often submit requests for millions of dollars of restitution from multiple defendants. In *Paroline v. United States* (link is external), 134 S.Ct. 1710 (2014), the Supreme Court held that restitution is proper in child pornography cases "only to the extent the defendant's offense proximately caused a victim's losses." While the decision rejects the contention that any one defendant is responsible for the entire loss amount, it does not set forth a precise test for determining what amount would be appropriate in a given case. Instead, it offers "rough guideposts" to trial courts for ordering "restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses."

5. On or about December 7, 2018, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA") was enacted and amended 18 U.S.C § 2259 states "the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."

6. As the Court is aware, the Defendant has been incarcerated since April 21, 2022. A manageable restitution amount would enable my client to focus on his rehabilitation and reintegrate into society successfully. Imposing an excessively high restitution amount would hinder my client's ability to reintegrate, find stable employment, and contribute positively to society.

7. Mr. Calkins is burdened with a pre-existing health condition in the form of a variant of skin cancer. This disease has caused permanent disfiguration of his face which will undoubtedly affect him for the remainder of his life. Incarceration under these circumstances

poses a grave threat to his health and well-being, adding undue hardship to an already difficult situation.

8. Additionally, in the best-case scenario, Mr. Calkins will be in his mid-50's when released from prison.

9. The long-term consequences of being labeled a convicted felon and sex offender will severely limit his job prospects. The reality is he will likely be employed in a position that pays a salary which covers his basic living needs and not leaving any significant income for restitution.

10. Subjecting him to excessive restitution, in addition to the lengthy prison term, would be overly punitive, denying him the opportunity for rehabilitation and a chance at a better future.

11. Therefore, Defense Counsel requests the Court order the minimum restitution in the amount of $3,000 to each victim seeking restitution in this case as mandated by 18 U.S.C § 2259.

12. In the event the Court is inclined to grant this request, Counsel requests the Court defer payment until after Mr. Calkins is released from custody.

Dated:	October 12, 2023
	Rochester, NY 14614

By: s/s *James L. Riotto*
James L. Riotto II, Esq.
*Attorney for Defendant*
30 W. Broad St., Suite 100
Rochester, NY 14614
(585) 546-4001
Jriotto@Riottolaw.com

To:	AUSA, David J. Rudroff